[Cite as *State v. Sickles*, 2015-Ohio-5162.]

COURT OF APPEALS
HOLMES COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 15 CA 012 |
| DEVAN J. SICKLES | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:    Criminal Appeal from the Court of Common
                            Pleas, Case No.  14 CR 057


JUDGMENT:                   Affirmed


DATE OF JUDGMENT ENTRY:     December 10, 2015


APPEARANCES:

For Plaintiff-Appellee                 For Defendant-Appellant

STEVE KNOWLING                         DAVID M. HUNTER
PROSECUTING ATTORNEY                   LAW OFFICE OF DAVID M. HUNTER
164 East Jackson Street                244 West Main Street
Millersburg, Ohio  44654               Loudonville, Ohio  44842

*Wise, J.*

{¶1}   Appellant Devan J. Sickles appeals from his conviction and sentence, in the Court of Common Pleas, Holmes County, for felonious assault. Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

{¶2}   On or about August 23, 2014, Appellant Sickles and his friend, George Caruthers (aka Crowthers), stopped at the Glenmont Tavern, located in the southwestern area of Holmes County. At some point during the evening, Caruthers and a tavern patron, Josh Etzweiler, were involved in a verbal altercation. The dispute escalated into a physical fight between Caruthers and Etzweiler outside, behind the tavern. Appellant then entered the fray and without warning fired a single round from a rifle into Etzweiler's back and chest. Appellant thereupon fled to Coshocton County, where he was later apprehended. The rifle used in the incident was also recovered. Etzweiler survived the assault.

{¶3}   On September 22, 2014, appellant was indicted by the Holmes County Grand Jury on two counts of felonious assault (each a felony of the second degree), two counts of attempted murder (each a felony of the first degree), and one count of having a weapon while under a disability (a felony of the third degree). Each count included a firearm specification pursuant to R.C. 2941.145(A).

{¶4}   Appellant initially pled not guilty to all counts and specifications.

{¶5}   On March 18, 2015, appellant appeared before the trial court for a plea hearing. At that time, he entered a plea of guilty to Count 2, Felonious Assault ((R.C.

2903.11(A)(2) and 2903.11(D)(1)(a)), with a firearm specification.[1] The remaining four counts were dismissed by the State.

{¶6} On May 12, 2015, the trial court sentenced appellant to the maximum term of eight years in prison on the sole felonious assault count, to be served consecutively to the mandatory three-year firearm specification term. *See* 2929.14(B)(1)(a)(ii). The trial court also ordered, *inter alia*, restitution to the victim of nearly $274,000.00.

{¶7} On June 10, 2015, appellant filed a notice of appeal. He herein raises the following sole Assignment of Error:

{¶8} "I. THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO THE MAXIMUM SENTENCE FOR HIS FELONY CONVICTION."

I.

{¶9} In his sole Assignment of Error, appellant contends the trial court erroneously sentenced him to the maximum term for the second-degree felony count of felonious assault. We disagree.

{¶10} For several years after the Ohio Supreme Court's decision in *State v. Foster* (2006), 109 Ohio St.3d 1, 845 N.E.2d 470, we consistently held that judicial fact-finding was not required before a trial court could impose non-minimum, maximum or consecutive prison terms. *See, e.g., State v. Williams,* Muskingum App. No. CT2009–0006, 2009–Ohio–5296, ¶ 19. Subsequently, by way of 2011 Am.Sub. H.B. No. 86, which became effective on September 30, 2011, the General Assembly expressed its intent to revive the statutory fact-finding provisions pertaining to the imposition of *consecutive*

---

[1] The plea agreement did not include a joint sentencing recommendation. *See* Sentencing Transcript at 6.

sentences that were effective pre-*Foster.* However, the provisions requiring findings for "maximum" and "more than minimum" sentences that the legislature did not intend to revive were explicitly repealed under H.B. 86. *See State v. George*, 5th Dist. Fairfield No. 14 CA 45*,* 2015-Ohio-3065, ¶ 11, citing *State v. White,* 1st Dist. Hamilton No. C–130114, 2013–Ohio–4225, ¶ 8. In other words, "[t]he trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences." *State v. King,* 992 N.E.2d 491, 2013–Ohio–2021, ¶ 45 (2nd Dist.).

**{¶11}** Furthermore, in *State v. Kalish,* 120 Ohio St.3d 23, 896 N.E.2d 124, 2008–Ohio–4912, a plurality opinion, the Ohio Supreme Court established a two-step procedure for reviewing a felony sentence. The first step is to "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." *Kalish* at ¶ 4. If this first step is satisfied, the second step requires the trial court's decision be reviewed under an abuse-of-discretion standard. *Id.*

**{¶12}** While recognizing the approach has been rejected by some Ohio appellate districts, we will herein utilize the *Kalish* framework as our standard of review in this felony sentencing context. *See State v. Bailey,* 5th Dist. Ashland No. 14–COA–008, 2014–Ohio–5129, ¶ 18–¶ 19.

**{¶13}** In the case *sub judice*, the trial court held a sentencing hearing and, as set forth in its written entry, conducted a review and application of the purposes of sentencing found in R.C. 2929.11 and the seriousness and recidivism factors found in R.C. 2929.12.

*See* Sentencing Entry, May 12, 2015, at 1-5. The court also reviewed the written presentence investigation report ("PSI"), which is part of the present record before us.

{¶14} The trial court ultimately gave appellant an eight-year prison sentence for the second-degree felonious assault count (the maximum term within the range allowable under R.C. 2929.14(A)(2)), to be served consecutively to the mandatory three-year firearm specification term. Appellant urges, *inter alia*, that even if his actions did not constitute the legal defense of self-defense, his response of purportedly intervening on behalf of his friend should have been given more weight as a mitigating factor in the sentence. However, based on our review of the record, given *inter alia* that the victim, Etzweiler, suffered serious physical harm, the existence of appellant's prior felony drug record (barring him from even carrying or brandishing a firearm on the night of the assault), and the fact that his commission of the crime took place while he was out on bond for drug trafficking in a Coshocton County case, we do not find the trial court acted clearly and convincingly contrary to law or abused its discretion in rendering a maximum sentence under the facts and circumstances of this case.

{¶15} Appellant's sole Assignment of Error is therefore overruled.

{¶16} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Holmes County, Ohio, is hereby affirmed.

By: Wise, J.

Gwin, P. J., and

Hoffman, J., concur.

JWW/d 1119